UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OAK SOURCING & LOGISTICS, LLC, a Wyoming limited liability company,<br><br>Defendant. | No.<br><br>COMPLAINT |

Plaintiff Providence Health & Services ("Providence"), by and through its counsel, K&L Gates LLP, brings this Complaint for Damages against Defendant Oak Sourcing & Logistics, LLC ("Oak"), alleging as follows:

### I.   INTRODUCTION

1. Providence brings this action to recover over $5,200,000 in overpayments made to Oak for the purchase and sale of personal protective products and equipment ("PPE") for use in Providence's healthcare facilities during the COVID-19 pandemic pursuant to the parties' Escrow Agreement.

2. In 2020 and 2021, Oak violated the pricing terms of the Escrow Agreement and overcharged Providence for sales tax, orders that were canceled and never shipped, incorrect unit

COMPLAINT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE +1 206 623 7580
FACSIMILE: +1 206 623 7022

prices; and on one occasion, Oak invoiced and knowingly accepted a duplicate payment from Providence in the amount of $3,630,000.

3. While Oak admitted these overcharges were improper under the Escrow Agreement, they have nonetheless refused to return these funds to Providence.

4. Notice of the dispute was timely.

## II.  PARTIES

5. Plaintiff Providence Health & Services is a Washington nonprofit corporation with its principal place of business in Renton, Washington.

6. Defendant Oak Sourcing & Logistics, is a Wyoming limited liability company, which, upon information and belief, is a citizen of California, Connecticut, Florida, Texas, and Wyoming based upon the citizenship of its members. Upon information and belief, Oak Sourcing & Logistics, LLC's members are: (1) Brian Berkenbile, a citizen of Texas; (2) Michael "Beau" Gayner, a citizen of California, (3) Linda Gaynor, a citizen of Wyoming; (4) Jeffrey A. Rinde, a citizen of Connecticut; (5) Matthew John Sandvig, a citizen of Florida; and (5) Erik Vervloet, a citizen of California.

## III.  JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Providence is a citizen of Washington, and Oak is a citizen of California, Connecticut, Florida, Texas, and Wyoming.

8. The Court has personal jurisdiction over Oak because Providence's claims arise from business Oak has done with Providence pursuant to the parties Escrow Agreement in the State of Washington, including numerous sales and shipments of product by and from Oak to Providence in the State of Washington, and Oak has therefore purposely availed itself of the privilege of conducting activities within the State of Washington.

COMPLAINT - 2

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Providence's claims occurred in this District. Venue is further proper in this District under 28 U.S.C. § 1391(b)(3) because Oak is a resident of multiple Districts and subject to the Court's personal jurisdiction with respect to this action.

### IV.   FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Providence is a nonprofit healthcare organization providing a comprehensive range of health and social services through its 52 hospitals and 1,085 health clinics.

11. Providence is headquartered in Washington and is currently the largest health care provider in the state. Providence also offers healthcare services to patients in Alaska, California, Montana, New Mexico, Oregon, and Texas.

12. In 2020, at the height of the COVID-19 pandemic, Providence and other healthcare providers faced an unprecedented difficulty sourcing protective face masks and other PPE for its healthcare facilities.

13. On April 3, 2020, Providence entered into an Escrow Agreement with Oak to source and supply high volumes of PPE to Providence (the "Agreement"), under which Providence would place a PPE PO and deposit funds into an account ("Escrow Funds"), and an Escrow Agent would be responsible for administering that account and disbursing payments to Oak in accordance with the pricing terms set forth in the corresponding PPE PO and the terms of the Agreement.

14. Annex B to the Agreement sets forth the parties' "TERMS OF SALE."

15. Section 1 of Annex B specifies that each payment for PPE is based upon the corresponding purchase order. Section 1 states, in pertinent part:

> **Payment for the PPE.** Seller's terms of payment are: fifty percent (50%) of the amount of each PPE purchase order (each, a 'PPE PO') is due from Buyer with submission of each PPE PO; and fifty percent (50%) of each PPE PO is due from Buyer at time of Buyer's inspection and acceptance of PPE at Buyer's shipping dock at the address provided in such PPE PO.

COMPLAINT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

16. Section 5 of Annex B, "Taxes" specifies applicable "sales tax shall be included in the price of the PPE and invoiced to Buyer."

17. In 2020 and 2021, Providence made numerous multi-million dollar purchases of PPE from Oak through the submission of purchase orders.

18. In July 2021, Providence performed a supply chain audit and discovered that Oak had overcharged and received overpayments from Providence totaling $5,246,624.72  These overpayments consisted of: (1) a duplicate payment in the amount of $3,630,000; (2) incorrect unit prices on two invoices totaling $380,000; (3) deposits on two invoices for orders that did not ship totaling $450,000; and (4) overcharges for sales tax on 10 invoices at improper rates based upon the shipping destination for the corresponding purchase orders totaling $786,624.72.

19. Providence informed Oak of these overpayments and requested a refund.

20. Oak admitted that Oak was not entitled to receive these overpayments. Oak further admitted knowing at the time of acceptance that Providence's $3,630,000 payment was a duplicate payment resulting from a cancelled invoice.

21. Initially, Oak indicated a willingness to rectify its mistake. Oak principal Erik Vervloet stated "We will resolve all of it. It's not acrimonious, we are not disputing anything, just trying to resolve everything in the best manner quickly."

22. Vervloet further informed Providence that Jeffrey Rinde—the Escrow Agent tasked with investigating the overpayments—was also a principal member of Oak, a fact Providence was *not* aware of when it agreed to designate this individual as the Escrow Agent and to oversee payments made pursuant to the Agreement.

23. Providence has complied with the dispute resolution provisions set forth in Section 17 and Section 9, Annex B of the Agreement by issuing a formal Notice of Dispute to Oak more than thirty days prior to initiating this litigation.

COMPLAINT - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

24. To date, the parties have been unable to resolve this dispute, and Providence has not received the demanded refund of $5,246,624, to which Oak acknowledged it has no legal entitlement.

### V. CAUSES OF ACTION

#### Count I - Breach of Contract

25. Providence repeats and realleges the allegations contained in Paragraphs 1–24 as though fully set forth herein.

26. Providence and Oak entered into the Agreement, which is a valid and binding contract.

27. Providence fully performed its duties and obligations under the Agreement.

28. Oak breached the pricing terms of the Agreement and Providence's purchase orders by overcharging Providence for state sales tax, incorrect product unit prices, orders that were properly canceled in accordance with Agreement and never shipped, and by submitting a duplicate invoice to Providence in the amount of $3,630,000 and accepting payment for the same with knowledge at the time payment was made that such payment was not owed.

29. As a direct result of Oak's breaches of the Agreement, Providence incurred damages in an amount to be proven at trial. These damages are, at a minimum, $5,246,624.72, as well as applicable and accruing interest at the statutory rate.

#### Count II - Account Stated

30. Providence repeats and realleges the allegations contained in Paragraphs 1–29 as though fully set forth herein.

31. An account is stated between Oak and Providence.

32. Providence informed Oak in July 2021 that Oak had overcharged Providence for the sale of PPE under the Agreement and corresponding purchase orders in the amount of $5,246,624.72 through documents generated by Providence's supply chain auditors.

COMPLAINT - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

33. Oak acknowledged this amount was overcharged, and therefore due and owing to Providence.

34. Oak has not paid Providence the $5,246,624.72 due and owing.

35. Accordingly, Providence is entitled to a monetary judgment against Oak in the amount of $5,246,624.72, together with prejudgment interest at the statutory rate.

### Count III - Conversion

36. Providence repeats and realleges the allegations contained in Paragraphs 1–35 as though fully set forth herein.

37. Oak overcharged and received payment from Providence for $5,246,624.72 ("Providence's chattel"), which Oak was not legally entitled to receive pursuant to the pricing terms set forth in the Agreement and corresponding purchase orders.

38. Oak wrongfully retained Providence's chattel without lawful justification and refused to return said chattel to Providence.

39. Oak therefore willfully interfered with Providence's chattel and deprived Providence of its rightful possession thereof.

40. Providence is therefore entitled to a monetary judgment against Oak in the amount of $5,246,624.72, together with prejudgment interest at the statutory rate.

### Count IV - Unjust Enrichment

41. Providence repeats and realleges the allegations contained in Paragraphs 1–40 as though fully set forth herein.

42. Oak received $5,246,624.72 in payment from Providence.

43. Providence did not owe Oak this amount and did not receive product from Oak valued at this amount under pricing terms set forth in the Agreement and corresponding purchase orders.

44. Under these circumstances, it is unjust for Oak to retain this benefit.

COMPLAINT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

45. Providence is therefore entitled to a monetary judgment against Oak in the amount of $5,246,624.72, together with prejudgment interest at the statutory rate.

**Count V - Breach of Contract--Breach of Implied Duty of Good Faith and Fair Dealing**

46. Providence repeats and realleges the allegations contained in Paragraphs 1–45 as though fully set forth herein.

47. Under Section 1, Annex B of the Agreement, payment for PPE is subject to the terms of the corresponding purchase order or "PPE PO". Taxes are included in the price of PPE pursuant to Section 5, Annex B of the Agreement.

48. Oak admits that it overcharged Providence for unit price, taxes, and canceled and/or duplicate orders of PPE in violation of Sections 1 and 5, Annex B and Providence's corresponding PPE POs.

49. Oak's refusal to issue Providence a refund for these admitted overcharges constitutes a breach of Oak's implied duty of good faith and fair dealing in connection with Section 1 and 5, Annex B of the Agreement and Providence's corresponding PPE POs. As a result of Oak's breach, Providence has been damaged in an amount to be proven at trial. These damages are, at a minimum, $5,246,624.72, excluding applicable and accruing interest at the statutory rate of 12%.

## VI. REQUESTED RELIEF

WHEREFORE, Providence demands judgment against Oak as follows:

A. A money judgment in the amount of $5,246,624.72

B. Prejudgment and post-judgment interest at the statutory rate of 12%.

C. Such other and further relief as the Court deems just and proper, including but not limited to attorneys' fees and costs.

COMPLAINT - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1 | DATED this 27th day of January, 2023.

2 |                                  K&L GATES LLP

By: */s/ Pallavi Mehta Wahi*
Pallavi Mehta Wahi, WSBA # 32799
Peter A. Talevich, WSBA # 42644
Ashley E.M. Gammell, WSBA # 50123
925 Fourth Avenue
Suite 2900
Seattle, Washington 98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: pallavi.wahi@klgates.com;
peter.talevich@klgates.com;
ashley.gammell@klgates.com

Attorneys for Plaintiff

COMPLAINT - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022